**No. 26-30043**

# In the United States Court of Appeals for the Fifth Circuit

BOBBY STEVENSON,
Plaintiff – Appellee

v.

RANDY LAVESPERE, IN HIS INDIVIDUAL CAPACITY
Defendant – Appellant

---

On Appeal from the United States District Court for the
Middle District of Louisiana
3:22-CV-472

---

**BRIEF OF DEFENDANT-APPELLANT
RANDY LAVESPERE**

---

LIZ MURRILL
LOUISIANA ATTORNEY GENERAL

*s/ Lee J. Ledet*
LEE J. LEDET (LA. #33237)
SPECIAL ASSISTANT ATTORNEY GENERAL

LEDET LAW GROUP, LLC
4783 Johnson Street
Post Office Drawer 610
St. Francisville, Louisiana 70775
(225) 635-3291
lee@ledetlawgroup.com
*Counsel for Defendant-Appellant,*
*Randy Lavespere*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiff-Appellee:**

Bobby Stevenson

**Counsel for Appellee:**

TULANE LAW CLINIC
6329 Freret Street
New Orleans, LA 70118

- Samuel T. Brandao
  Supervising Attorney
- Jared S. Miller
  Supervising Attorney
- Marianna Barrett
  Student Attorney
- John C. Berner
  Student Attorney
- Robert B. Morrisson, III
  Student Attorney
- Michelle Zeng
  Student Attorney

| **Defendants-Appellant:** | **Counsel for Appellant:** |
|---|---|
| Randy Lavespere | Lee J. Ledet<br>Special Assistant Attorney General<br>Ledet Law Group, LLC<br>4783 Johnson Street<br>Post Office Drawer 610<br>St. Francisville, Louisiana 70775<br>(225) 635-3291<br>lee@ledetlawgroup.com |
| **Other Parties in Underlying Case:** | **Counsel for Other Interested Parties:** |
| Paul Toce | Lee J. Ledet<br>Special Assistant Attorney General<br>Ledet Law Group, LLC<br>4783 Johnson Street<br>Post Office Drawer 610<br>St. Francisville, Louisiana 70775<br>(225) 635-3291<br>lee@ledetlawgroup.com |

*s/ Lee J. Ledet*

Lee J. Ledet
*Counsel for Defendant-Appellant,*
*Randy Lavespere*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant-Appellant Dr. Randy Lavespere ("Dr. Lavespere") respectfully suggests that oral argument will not significantly aid the decisional process in this case. This is an appeal of an order that denied Dr. Lavespere qualified immunity. The fundamental issue on this appeal is whether prison medical director Dr. Lavespere's July 23, 2019 medical decision to modify inmate Bobby Stevenson's duty status was objectively unreasonable in light of clearly established Eighth Amendment law, and whether Dr. Lavespere could have violated Stevenson's clearly established Eighth Amendment rights with respect to a work assignment that Dr. Lavespere did not issue to Stevenson.

# TABLE OF CONTENTS


CERTIFICATE OF INTERESTED PERSONS................................ ii

STATEMENT REGARDING ORAL ARGUMENT............................ iv.

TABLE OF CONTENTS........................................................ v.

TABLE OF AUTHORITIES.................................................... vii.

JURISDICTIONAL STATEMENT............................................ 1.

STATEMENT OF THE ISSUES................................................ 1.

STATEMENT OF THE CASE.................................................. 3.

I. Procedural Background........................................ 3.

II. Facts Developed and Established.......................... 5.

III. The Summary Judgment Proceedings..................... 12.

SUMMARY OF THE ARGUMENT............................................ 15.

ARGUMENT.................................................................... 16.

I. Standard of Review............................................. 16.

II. Qualified Immunity and the Burden of Proof........... 16.

III. The Altered Burden of Proof on Summary Judgment upon the Assertion of Qualified Immunity............... 17.

IV. The Scope of Appellate Review of an Order Denying Qualified Immunity........................................... 18.

V. Dr. Lavespere's Qualified Immunity to the Eighth Amendment Claim that Stevenson Properly Pleaded.. 19.

VI. Dr. Lavespere's Qualified Immunity from Stevenson's Modified Eighth Amendment Claim……………………… 20.

A. First Prong | Eighth Amendment Deliberate Indifference…………………………………………….. 21.

1) Eighth Amendment | 2019 Duty Status Modification……………………………………… 21.

2) Eighth Amendment | 2019 Field Work Assignment………………………………………. 24.

B. Second Prong | Clearly Established Eighth Amendment Law……………………………………… 27.

1) Eighth Amendment | 2019 Duty Status Modification……………………………………… 30.

2) Eighth Amendment | 2019 Field Work Assignment………………………………………. 32.

CONCLUSION……………………………………………………….. 34.

CERTIFICATE OF SERVICE………………………………………………. 36.

CERTIFICATE OF COMPLIANCE………………………………………. 37.

# TABLE OF AUTHORITIES

**CASES** **PAGES**

FEDERAL CASES

*Armant v. Stalder*,
287 Fed. App'x 351 (5th Cir. 2008)................ 8, 32

*Bailey v. Ramos*,
125 F.4th 667 (5th Cir. 2025)........................ 18

*Coleman v. Polunsky Unit Field*,
183 Fed. App'x 465 (5th Cir. 2006)................ 31

*Domino v. Tex. Dep't of Crim. Just.*,
239 F.3d 752 (5th Cir. 2001)......................... 25

*Douglas v. McCasland,*
194 Fed. Appx. 192 (5th Cir. 2006)................ 25, 31

*Freeman v. Alford,*
48 F.3d 530 (5th Cir. 1995)........................... 25

*Jackson v. Cain*,
864 F.2d 1235 (5th Cir. 1989)....................... 14, 24, 25, 32, 33, 34

*Joseph ex rel. Estate of Joseph v. Bartlett*,
981 F.3d 319 (5th Cir. 2020)......................... 28, 29

*Kokesh v. Curlee*,
14 F.4th 382 (5th Cir. 2021)......................... 16, 19

*Lewis v. Delgado*,
163 F.4th 926 (5th Cir. 2026)........................ 17, 21, 27, 28, 29

*Lewis v. Walley*,
168 F. 4th 327 (5th Cir. 2026)........................ 1

*Mendoza v. Lynaugh*,
989 F.2d 191 (5th Cir. 1993)........................... 24, 33, 34

*McGhee v. Sparkman*,
583 Fed. App'x 305, 306 (5th Cir. 2014)........... 25

*McFarland v. Johnson*,
2002 U.S. App. LEXIS 30043 (5th Cir. 2002)..... 31

*Ramirez v. Guadarrama*,
3 F.4th 129 (5th Cir. 2021)............................. 1

*Rich v. Palko*,
920 F.3d 288 (5th Cir. 2019)........................... 28, 29

*Solis v. Serrett*,
31 F.4th 975 (5th Cir. 2022)........................... 16, 18

*Spikes v. Wheat*,
141 F.4th 662 (5th Cir. 2025).......................... 17, 21, 22, 23, 24

*Stevenson v. Toce*,
113 F.4th 494 (5th Cir. 2024).......................... *passim*

*Vaughan v. Massie*,
No. 16-0021, 2018 U.S. Dist. LEXIS 151430,
(S.D. Tex. Sept. 6, 2018)................................ 34

*Vincent v. City of Sulphur*,
805 F.3d 543 (5th Cir. 2015)........................... 28

*Wilson v. Budney*,
976 F.2d 957, 958 (5th Cir. 1992)..................... 32

*Winston v. Stacks*,
243 Fed. App'x 805, 807 (5th Cir. 2007)............ 31

**STATUTES AND RULES**

FEDERAL STATUTES AND RULES

28 U.S.C. § 1291.................................................. 1

42 U.S.C. § 1983.................................................. *passim*

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction under 28 U.S.C. § 1291. Dr. Lavespere appealed an order that denied qualified immunity. ROA.3998-4002. *Lewis v. Walley*, 168 F. 4th 327, 330 (5th Cir. 2026). The collateral order doctrine permits immediate appeals of such orders because a defendant's entitlement to qualified immunity must be determined "at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). Dr. Lavespere timely filed a notice of appeal within 30 days of the district court's order dated January 7, 2026. ROA.4121.

## STATEMENT OF THE ISSUES

The core issue on this qualified immunity appeal is whether the district court erred in concluding as a matter of law that Dr. Lavespere was not entitled to qualified immunity from Stevenson's Eighth Amendment claim under the facts of this case.

This Eighth Amendment deliberate medical indifference case concerns prison medical director Dr. Lavespere's July 23, 2019 medical decision to modify Stevenson's duty status. The case also concerns a 2019 inmate work assignment that Stevenson believes was medically

inappropriate. As such, Dr. Lavespere presents the following issues for review:

A. Stevenson's Eighth Amendment Duty Status Claim

1) Can Stevenson negate Dr. Lavespere's qualified immunity under the facts of this case by establishing that Dr. Lavespere exhibited deliberate indifference when he modified Stevenson's duty status on July 23, 2019?

2) Was it clearly established on July 23, 2019 that a prison medical director's medical decision to modify an inmate's duty status at the recommendation of a licensed medical provider, upon reviewing the medical record from the inmate's physical examination with the evaluating medical provider, and upon believing that the duty status modification was medically appropriate, could violate an inmate's Eighth Amendment rights?

3) Can Stevenson identify controlling authority and establish beyond debate that Dr. Lavespere's conduct was clearly unlawful?

B. Stevenson's Eighth Amendment Work Assignment Claim

1) Can Stevenson negate Dr. Lavespere's qualified immunity under the facts of this case by establishing that Dr. Lavespere exhibited deliberate indifference by issuing Stevenson a medically inappropriate work assignment in 2019 that caused injury?
2) Was it clearly established in 2019 that a prison medical director could violate an inmate's Eighth Amendment rights in connection with an alleged medically inappropriate work assignment that the prison medical director did not issue?
3) Can Stevenson identify controlling authority and establish beyond debate that Dr. Lavespere's conduct was clearly unlawful?

## STATEMENT OF THE CASE

### I. PROCEDURAL BACKGROUND

On July 13, 2022, Stevenson filed this proceeding *pro se* pursuant to 42 U.S.C. § 1983. ROA.14. Stevenson alleged a violation of his Eighth Amendment right to adequate medical care at Louisiana State Penitentiary. ROA.17, 19-20. Stevenson alleged that Jacob Johnson, Dr. Paul Toce, and Dr. Randy Lavespere 1) refused to fix broken surgical screws in his ankle, and 2) refused to relieve him from labor in the

prison's agricultural fields. ROA.23-28. Stevenson sued the defendants in their individual capacities. ROA.21, 28. Stevenson sought monetary relief and an injunction to force the defendants to fix the screws and to change his duty status. ROA.28-29.

On December 7, 2022, the defendants filed a Rule 12(b)(6) motion wherein they invoked qualified immunity and moved to dismiss Stevenson's claims. ROA.55. On June 20, 2023, the district court granted the motion in part and denied the motion in part. ROA.1372. The district court dismissed Stevenson's claims against Johnson, and denied the motion in all other respects.

Dr. Lavespere and Dr. Toce appealed the ruling.[1] This Court identified a single § 1983 claim against Dr. Lavespere and Dr. Toce wherein Stevenson alleged that they each violated his Eighth Amendment right to be free from cruel and unusual punishment. *Stevenson v. Toce*, 113 F.4th 494, 500 (5th Cir. 2024). The Court recognized two components to Stevenson's § 1983 Eighth Amendment claim:

1) Stevenson claimed that Dr. Lavespere and Dr. Toce knew about

[1] Stevenson was represented by counsel on appeal. *Stevenson*, 113 F.4th at 498.

broken surgical screws in his ankle, fielded his complaints of severe pain, and ignored the problem. *Id.* at 500, 502.

2) Stevenson claimed that Dr. Lavespere and Dr. Toce knew that work in the fields was not appropriate for him given his injury but refused to reassign him. *Id.* at 500, 503. Stevenson specifically alleged that Dr. Lavespere himself assigned him to field duty in 2020 and that the work caused severe ankle pain. *Id.* at 503.

Based upon these allegations, this Honorable Court held that Stevenson sufficiently alleged that Dr. Lavespere and Dr. Toce violated his right to receive adequate medical care in prison. *Id.* at 503, 505.

Dr. Lavespere and Dr. Toce denied liability and invoked qualified immunity in their answer to Stevenson's operative complaint. ROA.1373.

## II. FACTS DEVELOPED AND ESTABLISHED

The evidence developed post-appeal established that there was no evidentiary basis for an Eighth Amendment claim against Dr. Lavespere or Dr. Toce on any of the grounds alleged. Dr. Lavespere and Dr. Toce indisputably ordered orthopedic treatment to address Stevenson's ankle once they became aware of the problem, and neither defendant fielded one of Stevenson's duty status modification requests nor denied same.

Stevenson is an inmate who was and remains confined to the custody of the Louisiana Department of Public Safety and Corrections at Louisiana State Penitentiary. In October of 2003, Stevenson fractured his ankle while playing basketball. ROA.3931. On October 29, 2003, orthopedic surgeons successfully repaired Stevenson's ankle with trans-syndesmotic screws. ROA.3931-3932. It is common for surgical screws to break. ROA.3762:13-16, 3932. In Stevenson's case, treating orthopedic specialists noted that one or more of the surgical screws had fractured in April of 2004. ROA.3932-3933. In May of 2007, treating orthopedists again noted broken hardware but nonetheless discharged Stevenson from orthopedic care. ROA.3847, 3933. Stevenson reported no right ankle problems from May of 2007 through April of 2019. ROA.3933. At most, a non-defendant medical provider noted an "old ankle injury" during a May 2010 clinical evaluation without any additional context. ROA.650, 3933.

Louisiana State Penitentiary security officials assigned Stevenson to Camp D in April of 2019. ROA.3287:5-14, 3933. Also in 2019, unidentified Camp D corrections officers assigned Stevenson to work on the field line. ROA.3299:20-3300:11, 3933. Stevenson worked in the field for approximately one (1) week in 2019. ROA.3301:12-19, 3934. Prison

security immediately removed Stevenson from the field and permanently barred him from field work when Stevenson complained of swelling in both legs. ROA.3302:17-3304:11, 3306:8-17, 3934. Stevenson has not worked in the prison fields since this incident. ROA.3286:5-14, 3306:8-17, 3934.

On April 8, 2019, Stevenson consulted medical providers at Louisiana State Penitentiary's physicians clinic for hypertension, chronic kidney disease, and bilateral leg swelling. ROA.3848, 3936. The treating non-defendant medical provider evaluated Stevenson, addressed his complaints, and instructed Stevenson to return to care in one month. *Id.*

Dr. Lavespere and other prison medical professionals do not assign jobs to inmate patients; classification and security officers issue inmate work assignments. ROA.3268:15-25, 3457:7-24, 3513:13-19, 3705:19-3706:4, 3934-3935. Prison medical personnel establish a patient's physical limitations through a duty status.[2] ROA.3513:17-19, 3935. An

[2] A "duty status" is a written designation assigned by a prison medical doctor indicating an inmate's physical or mental ability to perform hard labor in accordance with his sentence. Duty statuses are generally assigned by physicians following a medical evaluation, and they are subject to change depending on changes in the medical condition of a particular inmate. Duty statuses may range from no duty (indicating a need for bed rest), to light duty or regular duty with restrictions, and finally to regular duty without restrictions (indicating the inmate is capable of performing any and all hard labor). *Armant v. Stalder*, 287 Fed. Appx. 351, 352 n. 1

inmate's duty status is medically determined based upon the patient's then medical conditions and functional capacity. ROA.3457:25-3458:14, 3624:14-24, 3628:4-3629:1, 3656:21-3657:4, 3935. Prison healthcare policy allows medical providers to modify a patient's duty status upon clinical examination. ROA.3448:5-9, 3626:18-20, 3627:2-8, 3936. A patient's duty status can be increased or decreased based on that patient's functional capacity at the time of examination. ROA.3451:15-3452:2, 3625:6-14.

On July 22, 2019, prison nurse practitioner Cynthia Park, NP evaluated Stevenson for hypertension, edema, and chronic kidney disease. ROA.3849, 3936. NP Park examined Stevenson. Based upon her clinical findings, NP Park concluded that Stevenson had no physical limitations that required a limited duty status, and she recommended that his duty status be changed to regular duty. ROA.3445:18-3446:6, 3457:10-3458:24, 3462:5-14, 3516:1-3517:13, 3553, 3936. NP Park possessed the necessary qualifications to determine the medically appropriate duty status for Stevenson and the authority to recommend this duty status modification. ROA.3449:2-6, 3450:16-3451:3, 3451:21-

(5th Cir. 2008).

3452:19, 3454:3-16, 3627:2-8.

Dr. Lavespere served as Louisiana State Penitentiary's medical director in 2019. ROA.3570:5-9, 3947. Dr. Lavespere relied upon NP Park and other prison medical professionals to recommend medically appropriate duty statuses for patients. ROA.3450:16-3452:19. On July 23, 2019, Dr. Lavespere reviewed the medical record from Stevenson's consultation with NP Park, and he initialed the record. ROA.3517:7-3518:17, 3553. That same day, Dr. Lavespere approved NP Park's recommendation, and he changed Stevenson's duty status to regular. ROA.3448:5-20, 3451:21-3452:19, 3511:22-3512:9, 3517:7-3518:17, 3552, 3647:21-25, 3937.

Stevenson subsequently consulted non-defendant prison medical providers on multiple occasion between 2019 and 2021. ROA.3937-3939. Stevenson requested duty status modifications *inter alia*. ROA.3851-3856, 3937-3939. None of the non-defendant medical providers who evaluated Stevenson medically determined that he had physical limitations that required a limited duty status. *Id*.

Stevenson began suffering "terrible pain" in his right ankle between March 2020 and July of 2021. ROA.3373, 3888. On July 23, 2021,

Stevenson requested orthopedic care for his ankle via prison grievance. ROA.3371-3374, 3940-3941. Dr. Lavespere first became aware that Stevenson was having issues with his ankle after Stevenson filed this grievance. ROA.3426:19-3427:15, 3428:24-3429:3, 3433:16-3434:9, 3468:21-3469:3, 3939. Stevenson had never previously consulted Dr. Lavespere regarding his right ankle in a clinical setting or otherwise. ROA.3327:12-3328:6, 3425:13-23, 3433:16-3434:9, 3939.

Dr. Lavespere addressed Stevenson's medical complaint. ROA.3314:6-12, 3940. In August of 2021, Dr. Lavespere ordered an ankle x-ray and he referred Stevenson to orthopedist Dr. Ronald Sylvest for an ankle evaluation, to address the broken screws, and to determine whether Stevenson's duty status was medically appropriate. ROA.3426:19-3427:6, 3428:6-23, 3469:15-24, 3470:11-22, 3474:22-3475:20, 3507:1-20, 3826, 3940-3941. Dr. Toce soon after replaced Dr. Lavespere as Louisiana State Penitentiary's medical director. ROA.3947.

Dr. Sylvest assumed Stevenson orthopedic care. Dr. Sylvest evaluated and treated Stevenson's right ankle. ROA.3828-3832, 3868-3872, 3941-3943. Dr. Sylvest did not recommend hardware removal or any duty status restrictions. ROA.3869-3870, 3942. Treatment and

monitoring continued. In March of 2025, Dr. Sylvest referred Stevenson to University Medical Center for evaluation and for a second opinion on hardware removal. ROA.3864, 3943. On June 11, 2025, University Medical Center orthopedic specialists evaluated and treated Stevenson's right ankle. ROA.3943-3944.

There has been no medical determination that the broken ankle screws have caused Stevenson ankle pain. ROA.3804:21-3805:25, 3834, 3944-3945. Neither Stevenson's medical expert nor any of the orthopedic specialists that evaluated him post-surgery [2003] to the present date have recommended screw removal. ROA.3809:22-3812:5, 3945.

Stevenson continues to receive medical care through Louisiana State Penitentiary. ROA.3803:12-16, 3813-3814:9, 3946. Stevenson has no current medical complaints. ROA.3338:8-10, 3949. Stevenson has no issue with his current treatment protocols, housing assignment, duty status, or work assignment. ROA.3259:14-16, 3260:1-5, 3260:25-3261:13, 3335:17-23, 3341:12-17, 3947-3950. Stevenson maintains the ability to request medical treatment and modifications to his duty status. ROA.3320:20-3322:8, 3342:1-4, 3346:7-13, 3950.

## III. The Summary Judgment Proceedings

On August 25, 2025, Dr. Lavespere and Dr. Toce filed a motion for summary judgment. ROA.3205. Defendants moved to dismiss Stevenson's § 1983 Eighth Amendment claim on the grounds that Stevenson was unable to satisfy his burden of negating their qualified immunity. *Id.*

In opposition, Stevenson conceded that there was no evidentiary basis for his claim that Dr. Lavespere violated his Eighth Amendment rights on any of the grounds alleged. ROA.3890-92. Stevenson abandoned his "failure to treat claim" against Dr. Lavespere entirely. *Id.* Stevenson also abandoned the original claim that Dr. Lavespere refused to reassign him from field work and refused direct requests to modify his duty status. *Id.* Instead, Stevenson modified the factual basis for the claim against Lavespere via opposition to motion for summary judgment. Stevenson claimed that Dr. Lavespere's decision to approve his duty status modification on July 23, 2019 constituted deliberate indifference to his medical needs in violation of his Eighth Amendment rights. ROA.3890-3831, 3890-3893, 3896-3902.

The district court accepted Stevenson's amended deliberate medical

indifference claim over Dr. Lavespere's objections.[3] ROA.3964-3965. Stevenson brought the refined claim in opposition to Dr. Lavespere's motion for summary judgment to bypass prescription defenses which Dr. Lavespere would have certainly asserted and briefed in his original motion had Stevenson unambiguously and properly alleged the claim. The amended Eighth Amendment claim arising out of a July 2019 duty status change is clearly time-barred. ROA.14, 3371, 4060, 4081.

Nonetheless, on January 7, 2026, the district court granted the defendants' motion for summary judgment in part, and denied the motion in part. ROA.4004. The district court granted summary judgment in favor of Dr. Toce and dismissed the § 1983 Eighth Amendment claim against him. The district court denied the motion as to the § 1983 Eighth Amendment claim against Dr. Lavespere arising out of the July 23, 2019 duty status modification and the 2019 work assignment.

As for the first prong of the qualified immunity analysis, the district court concluded that a reasonable jury could find that Dr. Lavespere displayed deliberate indifference by revoking Stevenson's duty status

[3] See, *Putty v. Fannie Mae*, 736 Fed. App'x 484 (5th Cir. 2018) (internal citations omitted) ("A claim that is not raised in the complaint, but rather raised only in response to a motion for summary judgment is not properly before the court.")

restrictions despite knowing of Stevenson's history of ankle problems, and that he subjected Stevenson to field work which Dr. Lavespere knew would aggravate his condition. ROA.4000. The district court concluded that a reasonable jury could conclude that Dr. Lavespere's revocation of Stevenson's restricted duty status, without further investigation such as consulting Stevenson's medical chart, constituted deliberate indifference and resulted in serious harm; namely field work which exacerbated Stevenson's existing ankle issue.

As to the second prong of the qualified immunity analysis, the district court concluded that *Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989) clearly established that a prison official's decision to assign an inmate to a work detail when that official knows that such an assignment could exacerbate a serious physical ailment could constitute deliberate indifference. ROA.4001. The district court acknowledged that Dr. Lavespere did not assign Stevenson to field work in 2019. Nonetheless, the district court concluded that this fact does not absolve Dr. Lavespere of potential liability under § 1983. ROA.4002. The district court offered no legal support for this finding.

## SUMMARY OF THE ARGUMENT

The district court erred in concluding, as a matter of law, that Dr. Lavespere is not entitled to qualified immunity from Stevenson's Eighth Amendment deliberate medical indifference claim in light of the evidence in the record and the clearly established law.

Stevenson cannot negate Dr. Lavespere's qualified immunity under the facts of this case by establishing that Dr. Lavespere exhibited deliberate indifference when he modified Stevenson's duty status on July 23, 2019. It was also not clearly established on July 23, 2019 (or presently) that a prison medical director's medical decision to modify an inmate's duty status at the recommendation of a licensed medical provider, upon reviewing the medical record from the inmate's physical examination with the evaluating medical provider, and upon believing that the duty status modification was medically appropriate, could violate an inmate's Eighth Amendment rights?

Stevenson cannot negate Dr. Lavespere's qualified immunity under the facts of this case by establishing that Dr. Lavespere exhibited deliberate indifference by issuing Stevenson a medically inappropriate work assignment in 2019. Nor was it clearly established in 2019 (or

presently) that a prison medical director could violate an inmate's Eighth Amendment rights in connection with an alleged medically inappropriate work assignment that the prison medical director did not issue.

# ARGUMENT

## I. STANDARD OF REVIEW

This Court reviews a district court's denial of qualified immunity at the summary judgment stage *de novo*. *Solis v. Serrett*, 31 F.4th 975, 980 (5th Cir. 2022) (quoting *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017)).

## II. QUALIFIED IMMUNITY AND THE BURDEN OF PROOF

42 U.S.C. § 1983 creates a legal claim for individuals whose rights are violated by state officials. *Stevenson v. Toce*, 113 F.4th 494, 501 (5th Cir. 2024). Officials may raise the defense of qualified immunity in response. *Id.* (citing *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016).

Qualified immunity shields public officials sued in their individual capacities from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Kokesh v. Curlee*, 14 F.4th 382, 391 (5th Cir. 2021).

To overcome qualified immunity, a plaintiff must make two showings. *Stevenson*, 113 F.4th at 501 (citing *Cooper*, 844 F.3d at 522). First, the plaintiff must establish that "the official violated a statutory or constitutional right." *Id.* (citing *Cooper*, 844 F. 3d at 522). Second, a plaintiff must show that, at the time his rights were violated, legal precedent clearly established the official's actions as unlawful. *Id.* (citing *Cooper*, 844 F.3d at 522). Courts may address this two-step inquiry in any order, and defendants are entitled to qualified immunity if the plaintiff fails at either step. *Spikes v. Wheat*, 141 F.4th 662, 668 (5th Cir. 2025) (citing *Pearson v. Callahan*, 555 U.S. 223, 242 (2009)). A court need not address both prongs if one is dispositive. *Lewis v. Delgado*, 163 F.4th 926, 930 (5th Cir. 2026) (citing *Pearson*, 555 U.S. at 236).

## III. THE ALTERED BURDEN OF PROOF ON SUMMARY JUDGMENT UPON THE ASSERTION OF QUALIFIED IMMUNITY

The ordinary summary judgment standard requires the courts to grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Lewis*, 163 F.4th at 929 (citing Fed. R. Civ. P. 56(a)).

When asserted in good faith via motion for summary judgment, "a qualified immunity defense alters the usual summary judgment burden

of proof." *Solis*, 31 F.4th at 980 (quoting *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). Specifically, "the burden shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id.* at 980.

## IV. THE SCOPE OF APPELLATE REVIEW OF AN ORDER DENYING QUALIFIED IMMUNITY

Appellate review of an interlocutory appeal is limited. *Solis*, 31 F.4th at 980. The Court reviews summary judgment based on qualified immunity *de novo* "to the extent that it turns on an issue of law." *Bailey v. Ramos*, 125 F.4th 667, 674-75 (5th Cir. 2025) (citing *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 331-32 (5th Cir. 2020); *Winfrey v. Pikett*, 872 F.3d 640, 643 (5th Cir. 2017)). The Court has jurisdiction to decide, "[W]hether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts." *Solis*, 31 F.4th at 980 (citing *Whittington v. Maxwell*, 455 F. App'x 450, 454 (5th Cir. 2011)).

Accordingly, when a public official appeals an order that denied qualified immunity on motion for summary judgment, the Court reviews the district court's decision that a "certain course of conduct would, as a

matter of law, be objectively unreasonable in light of clearly established law." *Kokesh*, 14 F.4th at 391) (quoting *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc)). "To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Id.* (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).

## V. DR. LAVESPERE'S QUALIFIED IMMUNITY TO THE EIGHTH AMENDMENT CLAIM THAT STEVENSON PROPERLY PLEADED.

The district court erred when it failed to dismiss the Eighth Amendment claim brought against Dr. Lavespere in Stevenson's operative complaint.

Stevenson alleged and claimed that Dr. Lavespere violated his Eighth Amendment rights 1) when he refused to treat his broken screws and 2) when he denied requests for duty status modifications that would have relieved him from field duty. See, *Stevenson*, 113 F.4th at 502-503.

The evidence developed, when analyzed under the legal framework that this Honorable Court adopted for this case, conclusively established that Stevenson was incapable of negating Dr. Lavespere's qualified immunity defense to these claims. Indeed, Stevenson abandoned the

claims in opposition to Dr. Lavespere's motion for summary judgment. ROA.3890-3891. Moreover, Dr. Lavespere indisputably ordered orthopedic treatment to address Stevenson's ankle once he became aware of the problem, and there is no evidence that Dr. Lavespere ever overtly ignored or denied Stevenson's request for a duty status modification. Thus, the district court erred when it declined to address and dismiss the only Eighth Amendment claim that Stevenson properly brought against Dr. Lavespere on qualified immunity grounds.

## VI. DR. LAVESPERE'S QUALIFIED IMMUNITY FROM STEVENSON'S MODIFIED EIGHTH AMENDMENT CLAIM

The district court erred in concluding as a matter of law that Dr. Lavespere was not entitled to qualified immunity from Stevenson's Eighth Amendment duty status modification and work assignment claim.

Stevenson's refined Eighth Amendment claim has two components: Stevenson maintains that Dr. Lavespere's decision to change his duty status to regular on July 23, 2019 constituted deliberate indifference to his medical needs. ROA.3890, 3892-3893, 3896-3902. Stevenson also claims that Dr. Lavespere exhibited deliberate indifference when he changed Stevenson's duty status to regular duty knowing that he would

be "subjected" to physical labor that would injure his right ankle. ROA.3890-3891.

### A. First Prong | Eighth Amendment Deliberate Indifference

Stevenson cannot negate Dr. Lavespere's qualified immunity defense under the first prong of the qualified immunity analysis.

It is Stevenson's burden to establish that Dr. Lavespere violated his Eighth Amendment rights under the first prong. See, *Lewis*, 163 F.4th at 930 (citing *Melton*, 875 F.3d at 261 (en banc)).

#### 1) Eighth Amendment | 2019 Duty Status Modification

Stevenson's Eighth Amendment duty status claim fails as a matter of law under the first prong of the qualified immunity analysis.

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Spikes*, 141 F.4th at 668 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Deliberate indifference is akin to "subjective recklessness." *Id.* (citing *Farmer*, 511 U.S. at 839). It is a "stringent" and "extremely high standard to meet." *Id.* (citing *Domino v.*

*Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)). A plaintiff "must show that the defendant: (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk." *Id.* (quoting *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019)).

Here, Stevenson cannot establish Dr. Lavespere's deliberate indifference under the facts of this case. On July 22, 2019, NP Park examined Stevenson, documented her clinical findings, and determined that he had no physical limitations that required a limited duty status. ROA.3445:22-3446:10, 3457:10-3458:24, 3516-3519, 3553, 3849, 3936. NP Park recommended that Stevenson's duty status be changed to regular. ROA.3647:21-25, 3936. Dr. Lavespere reviewed the medical record from NP Park's clinical examination. ROA.3451:21-3452:19, 3516-3518. It was Dr. Lavespere's belief, based on a review of that encounter, that Stevenson had no clinical findings or physical limitations that necessitated a limited duty status. ROA.3451:21-3452:19, 3516-3519, 3553, 3937. Armed with this knowledge, Dr. Lavespere approved NP Park's recommendation and changed Stevenson's duty status to regular

on July 23, 2019. ROA.3511:22-3512:9, 3552, 3647:21-25, 3937. Thus, Dr. Lavespere was unaware of an ankle injury or other serious ailment that required a duty status modification or that posed a substantial risk of serious harm to Stevenson in July of 2019. Nor did he disregard said risk.

Stevenson concedes that NP Park conducted a medical examination in July of 2019. ROA.3910. Stevenson has not legally challenged NP Park's conduct, but he disagrees with Dr. Lavespere's decision to approve her medical recommendation. Such does not establish an Eighth Amendment deliberate medical indifference claim. The law required Stevenson to do more than express dissatisfaction with his treatment. *Stevenson*. 113 F.4th at 502 (citing *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006)). "Mere negligence, neglect or medical malpractice is insufficient." *Spikes*, 141 F.4th at 668 (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)). As is "an incorrect diagnosis." *Id.* (citing *Domino*, 239 F.3d at 756). If "medical treatment was provided, even if it was negligent, disagreed-with, and based on a perfunctory and inadequate evaluation," there is no violation. *Id.* (quoting *Petzold v. Rostollan*, 946 F.3d 242, 250 (5th Cir. 2019)). Stevenson was required to show that Dr. Lavespere "refused to treat him, ignored his complaints,

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." See, *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Stevenson simply cannot make such a showing under the facts of this case.

2) EIGHTH AMENDMENT | 2019 FIELD WORK ASSIGNMENT

Stevenson's Eighth Amendment work assignment claim fails as a matter of law under the first prong of the qualified immunity analysis.

"In certain circumstances, prison work conditions may amount to cruel and unusual punishment." *Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989). Specifically, "[I]f prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) (citing *Jackson*, 864 F.2d at 1246).[4]

"When the type of work to which the prisoner is assigned has significantly worsened a prisoner's medically serious pathological

[4] The Court in *Jackson* specifically held: "If prison officials knowingly put [an inmate] on a work detail which they knew would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs"

condition, an Eighth Amendment violation is shown when the prisoner demonstrates that the work was 'assigned with the knowledge of the condition and that it will be worsened thereby.'" *McGhee v. Sparkman*, 583 Fed. App'x 305, 306 (5th Cir. 2014) (per curiam) (citing *Jackson*, 864 F.2d at 1246). A plaintiff must show that his job assignment significantly aggravated a serious physical ailment. *Jackson,* 864 F.2d at 1246-47. "[T]he constitutionality of a particular working condition must be evaluated in light of the particular medical condition of the complaining prisoner." *Id.* at 1246.

The same deliberate indifference standard applies to an inmate's work assignment claim. It is an "extremely high standard." *Domino*, 239 F.3d at 756. A negligent assignment to work that is beyond the prisoner's physical abilities is not unconstitutional. *Jackson,* 864 F.2d at 1246. A mere disagreement about a work assignment does not amount to deliberate indifference. *Douglas v. McCasland,* 194 Fed. Appx. 192 (5th Cir. 2006); *Freeman v. Alford,* 48 F.3d 530 (5th Cir. 1995).

Stevenson cannot establish that Dr. Lavespere acted with deliberate indifference under the facts of this case. Dr. Lavespere did not place Stevenson on field work detail in 2019. ROA.3299:20-3300:11, 3933,

3935. Even if he had, Dr. Lavespere was unaware of an ankle issue in 2019 that could have been significantly aggravated by the field work assigned. ROA.3451:21-3452:19, 3516-3519, 3553, 3937. Stevenson had the ankle surgery in 2003; his ankle had healed. ROA.3445:23-3446:10, 3470:22-3047:9.

The record also fails to support Stevenson's assertion that Dr. Lavespere's decision to change his duty status to regular in July of 2019 was causally related to his field work assignment and that the work assignment "significantly aggravated" a right ankle injury.

Corrections officials assigned Stevenson to Camp D in 2019. ROA.3287:5-14, 3933. Unidentified Camp D corrections officers then assigned Stevenson to work on the field line on a date that Stevenson was unable to specifically recall. ROA.3299:20-3300:11, 3933. What is certain is that Stevenson worked in the field for approximately one (1) week in 2019. ROA.3301:12-19, 3934. Prison security immediately removed Stevenson from the field and barred him from field work when he complained of swelling in both legs. ROA.3302:17-3304:11, 3306:8-17, 3934. Stevenson has not worked in the prison fields since this incident. ROA.3286:5-14, 3306:8-17, 3934. The record establishes that Stevenson

complained of swelling in both legs, *inter alia*, to prison medical personnel on April 8, 2019. ROA.3848, 3936. The treating non-defendant medical provider evaluated Stevenson and addressed his complaints. *Id.* It wasn't until July 23, 2019 that Dr. Lavespere modified Stevenson's duty status. ROA.3552, 3937. There is no evidence that Stevenson was required to work in field after July of 2019. Moreover, according to Stevenson, it wasn't until March of 2020 that he began suffering "terrible pain" in his right ankle. ROA.3373, 3888.

B. SECOND PRONG | CLEARLY ESTABLISHED EIGHTH AMENDMENT LAW

Stevenson cannot negate Dr. Lavespere's qualified immunity defense under the second prong of the qualified immunity analysis. There was and remains no settled authority that would have put Dr. Lavespere on notice that his July 2019 medical decision to modify Stevenson's duty status could violate Stevenson's constitutional rights.

It is Stevenson's burden to demonstrate that Lavespere violated a "clearly established" Eighth Amendment right. *Stevenson v. Toce*, 113 F.4th 494, 503 (5th Cir. 2024) (citing *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016). "A right is clearly established only if relevant precedent 'ha[s] placed the … constitutional question beyond debate.'" *Lewis*, 163

F.4th at 930 (quoting *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) quoting *al-Kidd*, 563 U.S. at 741). Relevant precedent can include "controlling authority or a robust consensus of cases of persuasive authority." *Id.* (quoting *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) quoting *al-Kidd*, 563 U.S. at 741-42. When evaluating precedent, courts must not "define clearly established law at a high level of generality." *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 quoting *al-Kidd*, 563 U.S. at 742).

"The Supreme Court strictly enforces the requirement to identify an analogous case and explain the analogy." *Joseph*, 981 F.3d at 346. "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right clearly in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019) (quoting *Wesby*, 583 U.S. at 63) (internal quotations omitted).

Because of this stringent requirement, a prison official's violation of a right does not defeat qualified immunity "unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" *Lewis*, 163 F.4th at 930-31 (citing *Rogers v. Hall*, 46 F.4th 308, 312 (5th Cir. 2022), quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014)). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202, (2001). In sum, qualified immunity "represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Rich*, 920 F.3d at 294 (citing *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018)).

Thus, Stevenson was required to identify controlling authority in which a prison medical director acting under similar circumstances was held to have violated the Eighth Amendment and explain why such authority clearly proscribed Dr. Lavespere's conduct. See, *Joseph*, 981 F.3d at 345 (explaining a plaintiff's qualified immunity burden in a Fourth Amendment case).

1) EIGHTH AMENDMENT | 2019 DUTY STATUS MODIFICATION

Stevenson's Eighth Amendment duty status claim fails as a matter of law under the second prong of the qualified immunity analysis.

There was and remains no settled authority that would have put Dr. Lavespere on notice that his 2019 medical decision to modify Stevenson's duty status was objectively unreasonable. On July 23, 2019, it was not sufficiently clear such that every reasonable prison medical official in the situation that Dr. Lavespere confronted that modifying an inmate's duty status at the recommendation of a licensed medical provider, upon reviewing the medical record from the inmate's physical examination with the evaluating medical provider, and upon believing that the duty status modification was medically appropriate could violate an inmate's Eighth Amendment rights.

In July of 2019, Dr. Lavespere reviewed Stevenson's clinical consultation with NP Park. ROA.3451:21-3452:19, 3516-3518. It was Dr. Lavespere's belief (and Park's belief) that a regular duty status was medically appropriate for Stevenson on July 22, 2019. ROA.3451:21-3452:19, 3511:22-3512:9, 3516-3519, 3552, 3553, 3937. Contrary to the district court's unsupported legal conclusion, there was no legal

precedent that Dr. Lavespere, the reviewing physician, had an affirmative duty to separately and independently examine Stevenson and/or other medical records outside of the specific medical evaluation that established Stevenson's physical condition on July 22, 2019. Nor should the Court establish such a rule in this case.

Stevenson's disagreement with his 2019 medical classification does not establish a constitutional claim. See, *Winston v. Stacks*, 243 Fed. App'x 805, 807 (5th Cir. 2007) (per curiam) (rejecting an inmate claim that medical personnel should have imposed stricter limits on his job assignment); *Coleman v. Polunsky Unit Field*, 183 Fed. App'x 465, 466 (5th Cir. 2006) (holding no deliberate indifference where defendants where the field work assignment was consistent with his medical restrictions); *Douglas*, 194 Fed. App'x at 192 (per curiam) (rejecting an inmate claim that medical officials removed a medical restriction on his work assignment as frivolous); *McFarland v. Johnson*, 2002 U.S. App. LEXIS 30043, *2 (5th Cir. 2002) (per curiam) (holding no deliberate indifference towards and inmate's classification or work assignment where medical staff evaluated the inmate's medical classification and changed the classification when it was thought appropriate to do so);

*Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam) (holding that an inmate's disagreement with his medical classification is insufficient to establish a constitutional violation).

The Court in *Armant v. Stalder*, 287 Fed. App'x 351, 354 (5th Cir. 2008) (per curiam) recognized that a plaintiff could create a genuine issue of fact on an Eighth Amendment claim against a prison doctor who modified his duty status where (1) expert testimony established that there were no objective findings or reasons to modify the duty status, (2) a state court Commissioner held that the decision to remove the inmate's duty status restrictions was "arbitrary, manifestly erroneous, and bordered on a violation of cruel and unusual punishment," and (3) where a state court judgment adopted the Commissioner's Report.). The factors that *Armant* considered do not exist in this case.

2) EIGHTH AMENDMENT | 2019 FIELD WORK ASSIGNMENT

Stevenson's Eighth Amendment work assignment claim fails as a matter of law under the second prong of the qualified immunity analysis.

This Court and the district court held that *Jackson v. Cain*, clearly established that a prison official's decision to assign an inmate to a work detail when that official knows that such an assignment could exacerbate

a serious physical ailment could constitute deliberate indifference. ROA.4001; *Stevenson*, 113 F.4th at 504. The district court expanded *Jackson* to encompass medical providers who do not issue inmate work assignments. ROA.4002. However, there was and remains no settled authority that a prison medical director could violate an inmate's Eighth Amendment rights in connection with an alleged medically inappropriate work assignment that the prison medical director did not issue.

*Jackson* and cases that cite thereto unambiguously establish, "If prison officials knowingly put [an inmate] on a work detail which they knew would significantly aggravate his serious physical ailment such a decision would constitute deliberate indifference to serious medical needs" *Jackson*, 864 F.2d at 1246. Stated another way, "[I]f prison officials assign an inmate to work detail and they know that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference." *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993). The courts continue to rely on *Jackson* and *Mendoza* to establish the claim's elements and contours.

Here, Dr. Lavespere did not assign Stevenson to field work in 2019. 3268:15-25, 3457:7-24, 3513:13-19, 3705:19-3706:4, 3934-3935. Camp D

security officials assigned Stevenson that job. ROA.3299:20-3300:11, 3933. According to law in this Circuit, only the official who issued the work assignment can be found to have acted with deliberate indifference in violation of the Eighth Amendment. See, *Jackson*, 864 F.2d at 1246; *Mendoza*, 989 F.2d at 194; see also, See, *Vaughan v. Massie*, No. 16-0021, 2018 U.S. Dist. LEXIS 151430, *12 (S.D. Tex. Sept. 6, 2018) (dismissing an Eighth Amendment work assignment claim where the evidence established that the defendant did not issue the work assignment at issue).

## CONCLUSION

The Court should reverse that portion of the district court's order that denied Dr. Lavespere's motion for summary judgment as to Stevenson's Eighth Amendment claim arising out of the July 23, 2019 duty status modification and his 2019 work assignment. Dr. Lavespere is entitled to qualified immunity from Stevenson's claim.

Respectfully submitted,

LIZ MURRILL
Louisiana Attorney General

*s/ Lee J. Ledet*

Lee J. Ledet (La. #33237)
Special Assistant Attorney General

LEDET LAW GROUP, LLC
4783 Johnson Street
Post Office Drawer 610
St. Francisville, Louisiana 70775
(225) 635-3291
lee@ledetlawgroup.com
*Counsel for Defendant-Appellant,*
*Randy Lavespere*

## CERTIFICATE OF SERVICE

I certify that on April 23, 2026, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to Appellee's counsel of record and to all amici.

*s/ Lee J. Ledet*
Lee J. Ledet
*Counsel for Defendant-Appellant,*
*Randy Lavespere*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that:

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 6,279 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft® Word for Microsoft 365 MSO (Version 2603 Build 16.0.19822.20086) 64-bit, Century Schoolbook, 14-point font.

*s/ Lee J. Ledet*
Lee J. Ledet
*Counsel for Defendant-Appellant, Randy Lavespere*

Dated: April 23, 2026